IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. |
| WALMART STORES OF TEXAS, L.L.C. | § § § | COMPLAINT AND JURY TRIAL DEMAND |
| Defendant. | § § § | |

**NATURE OF THE ACTION**

This is an action under Age Discrimination in Employment Act of 1967, as amended, (ADEA) and Title I of the Americans with Disabilities Act of 1990, as amended, (ADA) to correct unlawful employment practices on the basis of age and disability and to provide appropriate relief to David Moorman who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission") alleges that Defendant, Walmart Stores of Texas, L.L.C. ("Defendant") discriminated against David Moorman in violation of the ADEA by subjecting him to harassment that created a hostile work environment, and by terminating him because of his age. The Commission further alleges that Defendant discriminated against David Moorman in violation of the ADA by failing or refusing to provide him with a reasonable accommodation.

**JURISDICTION AND VENUE**

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"),

**COMPLAINT**                                                                                                        1

which incorporates by reference Sections 16 and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 216 and 217.  This action is also authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

**PARTIES**

3. Plaintiff, the Commission, is an agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.  The Commission is also charged with the administration, interpretation and enforcement of Title I of the ADA, as amended, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been doing business in the State of Texas and the City of Keller and has continuously had at least twenty (20) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 11(b), (g) and (h) of the ADEA, 29 U.S.C. § 630(b), (g) and (h).  Defendant has also continuously been an employer engaged in an industry affecting

commerce under Section 101(5) of the ADA, as amended, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).  At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, as amended, 42 U.S.C. § 12111(2).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practice alleged below and to effect voluntary compliance with the ADEA and the ADA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b), and Title I of the ADA, 42 USC § 12117(a), which incorporates the conciliation provisions of Title VII of the Civil Rights Act of 1964, as amended.

7. More than thirty days prior to the institution of this lawsuit, David Moorman filed a charge with the Commission alleging violations of the ADEA and Title I of the ADA by Defendant.

8. On February 12, 2013, EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA and the ADEA were violated and inviting Defendant to join with the EEOC in informal methods of conciliation.

9. EEOC endeavored to eliminate the unlawful employment practices through informal conciliation methods, but was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. EEOC issued to Defendant a Notice of Conciliation Failure on December 13, 2013.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

**COMPLAINT** 3

**STATEMENT OF CLAIMS UNDER THE ADEA**

12. As more specifically described below, since at least February 2011, the Defendant has engaged in an unlawful employment practices in violation of Sections 4(a)(1) and (d) of the ADEA, 29 U.S.C. § 623(a) and (d). Specifically, the EEOC alleges that since at least February 2011, Mr. Moorman was subjected to a hostile work environment and ultimately terminated because of his age, 54.

   a. Moorman was discriminated against, having been harassed by his direct supervisor, Market Manager Teddy Martyniuk. Among other age-based discriminatory comments and conduct, Martyniuk repeatedly referred to Moorman as "old man".

   b. Moorman reported the age-based comments and harassment to Defendant's Regional Human Resources Manager. The Defendant failed or refused to take prompt effective remedial measures to prevent and correct the harassment.

   c. On July 11, 2011, Charging Party's employment was terminated by Martyniuk.

13. The effect of the practices complained of in paragraph 12 has been to deprive David Moorman of equal employment opportunities and otherwise adversely affect his status as an employee because of his age.

14. The unlawful employment practices complained of in paragraph 12 were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

**STATEMENT OF CLAIMS UNDER THE ADA**

16. At all relevant times, David Moorman has been and is a qualified person with a disability and is covered by Title I of the ADA, as amended, 42 U.S.C. §§ 12101 *et seq*.

17.     As more specifically described below, in or around February 2011, Defendant engaged in an unlawful employment practice in violation of Title I of the ADA, as amended, 42 U.S.C. §§ 12101 *et seq*. The unlawful practice was to discriminate against David Moorman by failing to provide him with a reasonable accommodation in violation of 42 U.S.C. §§12112(a) and (b), as amended.

   a.     Moorman was diagnosed with diabetes in February 2011.

   b.     Following his diagnosis, Moorman promptly informed the Market Manager, Martyniuk, of his disability. Moorman also told Human Resources Director Donald Huffman about his diabetes diagnosis.

   c.     After diagnosis, Moorman's doctor instructed him to take a medical leave of absence from work for nine weeks. His leave of absence began on February 28, 2011, and he returned to work on May 9, 2011. Moorman talked to Martyniuk during his leave of absence to update his supervisor on his condition.

   d.     In keeping with his doctor's recommendation related to his diabetic condition, Moorman requested from both Market Manager Martyniuk, and the Regional Human Resources Manager, a reassignment to Assistant Store Manager or store Co-Manager.

   e.     A month after Moorman made the request for accommodation, Martyniuk had still not given Moorman a decision as to whether the request for reassignment would be granted. Thereafter, Moorman again asked Martyniuk about a reassignment.

   f.     Without engaging in the interactive process as contemplated by the ADA for purposes of making a reasonable accommodation, Martyniuk denied Charging Party's request.

**COMPLAINT**                                                                   5

18. The effect of the practice complained of in paragraph 17 above has been to deprive David Moorman of equal employment opportunities and to otherwise adversely affect his status as an employee because of his disability.

19. The unlawful employment practice complained of in paragraph 17 above was intentional.

20. The unlawful employment practice complained of in paragraph 17 above was done with malice or with reckless indifference to the federally protected rights of David Moorman.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of age, 40 and over; ;

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against any qualified employees, because of their disability, by: (1) failing to provide qualified individuals with reasonable accommodations; and (2) engaging in any other employment practice which discriminates on the basis of disability;

C. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals who are at least age 40 and for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

D. Order the Defendant to pay David Moorman appropriate back wages and benefits, in an amount to be proven at trial, for the losses resulting from the unlawful employment practice described in paragraph 12 above, prejudgment interest, and an equal amount in liquidated damages;

E. Order Defendant to make whole David Moorman, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practice described in paragraph 17 above, including, but not limited to, job search expenses, in amounts to be determined at trial;

F. Order Defendant to make whole David Moorman, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practice complained of in paragraph 17 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

G. Order Defendant to pay David Moorman punitive damages for its malice or reckless indifference, as described in paragraph 17 above, in amounts to be determined at trial;

H. Order the Defendant to make David Moorman whole by providing the affirmative relief necessary to eradicate the effects of its unlawful practice, including but not limited to rightful-place reinstatement or front pay in lieu thereof.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**COMPLAINT**  7

        P. DAVID LOPEZ
        General Counsel

        JAMES LEE
        Deputy General Counsel

        GWENDOLYN REAMS
        Associate General Counsel

        ROBERT A. CANINO
        Regional Attorney
        Oklahoma Bar No. 011782

        SUZANNE M. ANDERSON
        Supervisory Trial Attorney
        Texas Bar No. 14009470

        _____

        JOEL P. CLARK
        Senior Trial Attorney
        Texas Bar No. 24050425

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Dallas District Office
        207 S. Houston, Third Floor
        Dallas, Texas 75202
        (214) 253-2743
        (214) 253-2749 (FAX)